UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE LOISELLE,

    Plaintiff,                                                   Civil Action No. 08-12513

v.                                                          HON. ARTHUR J. TARNOW
                                                                   U.S. District Judge
                                                                   HON. R. STEVEN WHALEN
COMMISSIONER OF SOCIAL                U.S. Magistrate Judge
SECURITY,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION RE: ATTORNEY FEES**

The Court has referred to the undersigned Plaintiff's Motion for Attorney Fees [Docket #32].[1] For the reasons set forth below, I recommend that Plaintiff's Motion be GRANTED.

### I. PROCEDURAL HISTORY

Plaintiff originally applied for benefits on June 10, 2002, alleging disability as of May 14, 2001 (Tr. 36-37). After the initial denial of her application, she filed a request for an administrative hearing, held on February 4, 2004 in Oak Park, Michigan (Tr. 36). On March 22, 2005, Administrative Law Judge ("ALJ") Alfred H. Varga found that although Plaintiff was unable to perform her past relevant work, she retained the ability to perform a significant range of light work (Tr. 44). On October 3, 2005, Plaintiff reapplied for benefits, alleging a new disability onset date of March 23, 2005 (the day following ALJ Varga's decision) (Tr. 386). After the initial denial of the

---

[1]A Magistrate Judge may not hear and determine a post-judgment motion for fees under 28 U.S.C. §636(b)(1)(A), because it is not a "pretrial matter," and it is considered "dispositive of a claim." Therefore, I must proceed by Report and Recommendation under 28 U.S.C. §636(b)(1)(B). *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

second claim, Plaintiff requested an administrative hearing, held on June 19, 2007 in Oak Park, Michigan before ALJ Jerome B. Blum (Tr. 377). In a decision issued on October 15, 2007, ALJ Blum found that Plaintiff could perform a range of sedentary work (Tr. 19). On April 11, 2008, the Appeals Council denied review (Tr. 4-6). Plaintiff filed for judicial review of the final decision on June 12, 2008.

On July 6, 2009, I filed a Report and Recommendation ("R&R"), recommending that summary judgment be granted in favor of Plaintiff [Docket #26]. No objections were filed. On July 28, 2009, the Honorable Arthur J. Tarnow, United States District Judge, adopted the R&R [Docket #27], and on August 7, 2009 entered judgment in favor of Plaintiff, remanding to the Commissioner for further proceedings consistent with my R&R [Docket #28].

On November 3, 2009, Plaintiff filed the present motion, seeking attorney fees under the Equal Access to Justice Act.

## II.   ANALYSIS

### A.   General Principles

The Equal Access to Justice Act ("EAJA") is one of some 131 fee shifting statutes enacted by Congress. *See Coulter v. State of Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986). Specifically, 28 U.S.C. § 2412(d)(1)(A) provides, in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses...incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States...unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust."

In the context of a Social Security case brought under 42 U.S.C. § 405(g), a plaintiff such as Ms. Loiselle who wins a Sentence Four remand directing further

administrative proceedings is a "prevailing party" within the meaning of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). Thus, the salient question in the present case is whether the position of the United States was "substantially justified." Under the EAJA, the government has the ultimate burden of showing that its position was substantially justified such as to support a denial of attorney fees. *United States v. 0.376 Acres of Land*, 838 F.2d 819, 829 (6th Cir. 1988); *United States v. True*, 250 F.3d 410, 419, fn. 7 (6th Cir. 2001). The resolution of that question is addressed to the district court's discretion. *Pierce v. Underwood*, 487 U.S. 552, 563, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

In *Pierce v. Underwood*, 487 U.S. at 565, the Supreme Court defined the term "substantially justified" as "justified to a degree that could satisfy a reasonable person." However, in linking the term to a standard of reasonableness, the Court cautioned that "[t]o be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." *Id.*, at 566.

### B. Entitlement to Attorney Fees in the Present Case

In my R&R, I recommended a Sentence Four remand primarily because the ALJ clearly misstated the record regarding Plaintiff's mental impairments, finding that those claims were poorly supported by only "brief" psychiatric notes. To the contrary, the record contained a wealth of material supporting the Plaintiff's claim. I found as follows in my R&R:

> "However, the ALJ's discrete finding that Plaintiff's claim of mental impairments "are not supported by the 'brief' psychiatric notes in the file" contradicts the record. Medical notes created by Dr. Qadir from March, 2005 forward note a history of depression and anxiety (Tr. 330-333). In January, 2006, Plaintiff reported ongoing anxiety (Tr. 356). June through August, 2007 treating records showing that she was prescribed Wellbutrin

(Tr. 340-341). Likewise, the February, 2006 non-examining PRT, based on the treating records, found the presence of both depression and anxiety (Tr. 118, 120). The ALJ's erroneous conclusion that the psychiatric notes were "brief," or that they supported the omission of a mental impairment from the severe impairments, requires that the case be remanded to reconsider the Step Two findings as they relate to depression and anxiety."

While it is true that I rejected the Plaintiff's other arguments regarding the ALJ's credibility determination and the omission of obesity as a severe impairment under the Step Two inquiry, the distortion of the factual record as to anxiety and depression infected the decisional framework to the extent that no reasonable person could have confidence in his conclusions of non-disability. *See Doud v. CSS*, 314 F.Supp.2d 680 (E.D. Mich. 2003) (ALJ's finding of claimant's lack of credibility not substantially justified where claimant's testimony was corroborated by medical opinions and testimony of family members); *Stanfield v. Apfel*, 985 F.Supp. 927, 930 (E.D. Mo. 1997) (Commissioner's position not substantially justified where the court "found the ALJ' decision to be manifestly erroneous in its recitation of plaintiff's factual evidence, and in its application of governing law"). Indeed, the ALJ's error in discounting Plaintiff's mental impairments at Step Two also impacted his conclusion that she was not disabled at Step Three, because he did not consider the combined effect of depression, anxiety and fibromyalgia. As I stated in my R&R:

> "However, assuming that upon remand, the ALJ finds severe mental impairments at Step Two, he would be required to apply SSR 99-2p at Step Three by considering the severe impairments of anxiety and/or depression along with fibromyalgia in determining whether Plaintiff was disabled."[2]

In arguing that its position on appeal was substantially justified, the Defendant

---

[2] SSR 99-2p states that "in cases in which individuals with CFS [fibromyalgia] have psychological manifestations related to CFS, consideration should always be given to whether the individual's impairment meets or equals the severity of any impairment in the mental disorders listings in 20 CFR, part 404, subpart P, appendix 1, sections 12.00 ff. or 112.00 ff."

-4-

refers to language in my R&R indicating that although the case was to be remanded under Sentence Four, the error in the Step Two findings did not automatically entitle her to benefits on remand. That is beside the point, and to accept the Defendant's reasoning would be inconsistent with the rule that a plaintiff who wins a Sentence Four remand is a "prevailing party," and thus entitled to EAJA fees, without regard to whether he or she ultimately prevails on remand. Likewise, the Defendant's argument that the tone of my criticism of the ALJ was not as strong as the language in other cases is unavailing. The Commissioner's position in this Court was either substantially justified or it was not, and the fact that a court shows restraint in its written opinion has nothing to do with that determination.

### C. Amount of Attorney Fees

Attorney's fees claimed under the EAJA must be reasonable. *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987). As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." In *Glass*, 822 F.2d at 21, the Sixth Circuit, citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee."[3]

---

[3] Although *Glass* was careful to point out that each request for attorney fees must be reviewed on its own distinct facts, the Court did note that "the experienced district judge is very likely correct that twenty to thirty hours may well be the norm for attorneys to handle most [social security] cases...." 822 F.2d at 20.

The statutory hourly maximum under 28 U.S.C. § 2412(d)(2)(A) is $125.00, "unless the court determines that an increase in the cost of living or a special factor,...justifies a higher fee." Plaintiff suggests an hourly rate of $135.00. I agree that this is a reasonable rate, based on inflation. *See Dionne v. Barnhart*, 230 F.Supp.2d 84, 87 (D.Me. 2002) (percentage increase of $125 statutory rate, based on Consumer Price Index analysis, translates to hourly rate of approximately $145 in 2002).

The number of hours Plaintiff's counsel claims appears somewhat inflated, particularly with regard to receipt and review of basic form orders. For example, on June 13, 2008, counsel claims .2 hours (12 minutes) to review the notice of referral to the assigned Magistrate Judge; on September 3, 2008, .2 hours to review the order of reassignment from Judge Gadola to Judge Tarnow; on March 12, 2009, .2 hours to review a short order granting an extension for the Defendant to file its brief; on April 14, 2009, .2 hours to review the order granting the extension; and on August 7, 2009, .2 hours to review the Court's judgment. Review of each of these short, basic orders could probably be done in 12 seconds, rather than 12 minutes. In addition, counsel billed .2 hours for a "thank you" email to Plaintiff's former representative. While such courtesy is commendable, and probably a sound business practice, it is not central to the representation of the Plaintiff, and is not compensable under EAJA. *See Hensley, supra*, 461 U.S. at 434 ("[h]ours that are not properly billed to one's *client* are not properly billed to one's *adversary* pursuant to statutory authority")(emphasis in original). Not to mention that charging for a thank-you note cheapens the sentiment. Finally, counsel claims .9 hours for preparing and filing the certificates of service, a purely administrative task that could be performed by a legal secretary instead of a $135 per hour lawyer.

Counsel has claimed 2.1 hours, or $283.50 for the above tasks. In the broad scheme of things, this may not seem like a lot of money, but as a wise person once said, if you watch the pennies, the dollars will take care of themselves. Besides, lawyers should not be encouraged to inflate their hours, and while I do not suggest that Plaintiff's counsel is deliberately attempting to mislead the Court or that she is in any way acting in bad faith, she may want to review her time-sheets more carefully in the future.

Accordingly, in my discretion, I will reduce the 2.1 hours claimed for these items to 1.0 hours, and reduce the claim for attorney fees to 35.8 hours, at $135 per hour, for total attorney fees of $4,833.00

The request for costs and expenses in the amount of $90.80 is reasonable.

### III. CONCLUSION

I recommend that Plaintiff's Motion for Attorney Fees [Docket #32] be GRANTED, and that she be awarded fees and costs under the EAJA as follows:

| | |
|---|---|
| Attorney Fees: | $4,833.00 |
| Costs: | $90.80 |
| **TOTAL:** | **$4,923.80** |

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.

1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                      s/R. Steven Whalen
                                      R. STEVEN WHALEN
                                      UNITED STATES MAGISTRATE JUDGE

Date: October 18, 2010

_____

### CERTIFICATE OF SERVICE

I hereby certify on October 18, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 18, 2010: **None.**

                                      s/Michael E. Lang
                                      Deputy Clerk to
                                      Magistrate Judge R. Steven Whalen
                                      (313) 234-5217